## THE BAR OF BANKRUPTCY PROCEEDINGS AS AGAINST UNSCHEDULED CLAIMS.

[Circuit Court of Summit County.]

CATHARINE KNAPP v. CHARLES B. HAROLD.

Decided, April Term, 1903.

*Bankruptcy—Unscheduled Indebtedness—Bar of a Discharge Operates Only as to Creditors Without Notice—What Constitutes Notice— How Proved.*

1. A discharge in bankruptcy operates as a bar against a given claim which was not included in the bankrupt's schedule of liabilities, if it appear that the holder of the claim had notice or actual knowledge of the proceedings in bankruptcy.
2. All facts, whether occurring before or after the commencement of the proceedings in bankruptcy, tending to establish notice, are competent as evidence as to whether the creditor had notice or actual knowledge of the proceedings.
3. Where one who holds a note signed by husband and wife is told that they are both going into bankruptcy, and he replies that he has a claim against the husband, but says nothing about the wife, and the husband's schedule of indebtedness includes this claim but the wife's does not, the owner of the note will be held to have had notice of the proceedings in bankruptcy, and a subsequent judgment against the wife on the note will be reversed.

HALE, J.; MARVIN, J., and WINCH, J., concur.

Error to the Court of Common Pleas of Summit County.

Error is prosecuted in this court to reverse a judgment of the court of common pleas. We think this judgment should be reversed.

The action was prosecuted to enforce the payment of a promissory note signed by Mr. and Mrs. Knapp. After the execution of the note each filed a petition in bankruptcy, and in due process of such proceedings received their discharge in bankruptcy. Knapp placed this note on his schedule of indebtedness, the creditor received the proper notice under the bankrupt act, and, it is conceded, he is released from the payment of the note by that proceeding. Mrs. Knapp did not schedule this claim among her indebted-

ness, and the holder of the claim received no written notice under the provision of the bankrupt act. The question is, Was she discharged by that proceeding from the payment of this note? The regularity of the proceedings in the bankruptcy court is not questioned. This indebtedness was not scheduled and Harold had no written notice under the bankrupt act of its existence. The true answer is found in a proper construction of a clause of the bankrupt act which reads:

"A discharge will not release a bankrupt from debts which have not been duly scheduled in time for proof and allowance with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

Where the court has jurisdiction and claims have been placed upon the schedule, or if omitted from it, the creditors have notice or actual knowledge of the proceedings, the debt, if provable, is released by the discharge. Counsel for defendant in error insist that the notice referred to in this clause of the bankrupt act refers to the written notice required by another section of the bankrupt act. We think otherwise. Manifestly it provides for a case in which the debt has not been scheduled and in which no notice under the bankrupt act had been served upon the creditor. In such case the bankrupt is discharged if the creditor had notice within the meaning of this act, or actual knowledge of the bankrupt proceedings. It is simply a fact whether he had notice or whether he had actual knowledge of the proceedings. There is no iron-clad rule that the fact of notice can only be proved by facts and circumstances transpiring after the bankrupt proceedings. All facts, whether occurring before or after the commencement of the proceedings, tending to establish notice, are competent to be given in evidence. There is nothing peculiar in establishing notice to a creditor in bankruptcy proceedings. If facts exist such as should reasonably put the creditor upon inquiry, he should make the inquiry, and whether he makes it or not he is charged with notice of all facts concerning which he was bound to inquire.

The court adopted the theory of the defendant in error, and, upon this question of notice, said to the jury:

"If you find from the evidence that she (that is, Mrs. Knapp) knew of the name of the plaintiff as one of her creditors at the

time this schedule was made out, and you find that his name (the creditor's) was not placed in the schedule—that, however, is admitted; but if you find further that he did not know of the bankruptcy proceedings so far as she is concerned, had no actual knowledge of the fact, then those proceedings would not bar him from recovering in this action."

No reference is made in that charge to the effect of notice. The language of the statute is, "had notice or actual knowledge." The court here says, unless he had actual knowledge the verdict should be for the defendant.

The court was then interrupted by Judge Tibbals, "If he had that notice, then, Your Honor, what?"

The Court: "Certainly, the converse is if he had that knowledge—if he had knowledge of those proceedings; that is, actually knew of those proceedings going on at any time preceding the 25th day of February, 1899, that would be a complete release. That date is all wrong. It limits the time in which knowledge might have been given to him shorter than the time fixed by the statute."

Then Mr. Parsons said: "May I ask the court to further charge that notice of the expectancy or probability of the defendant, Catherine Knapp, availing herself of the bankruptcy act, would not be notice of her actually doing so?"

The Court: "I don't just get your meaning."

Mr. Parsons: "That is to say, before these proceedings were brought if some one, an agent of Catherine Knapp or Frank J. Knapp, or both of them, should call up and say that both or either of them expected to go into bankruptcy, that would not be notice of the fact they had so done, if at that time they hadn't filed their petition in bankruptcy?"

The Court: "In other words, gentlemen, on the subject of notice, it means this: The burden is on the defendant to show that the plaintiff in this case actually had notice that these proceedings were going on at some time prior to the 25th day of February, 1899. If he didn't have that notice, and the burden is on the defendant to show that fact, then that would be no bar to the plaintiff's right to recover. Now, you are the sole judges of the weight to be given to this testimony and of the credibility to be given to witnesses. Those are matters for you and for you only."

Mr. Parsons: "Do I understand the court to mean by that, if the jury should find a certain notice was given and this notice was

given before the proceedings were actually had or entered into and the petition filed, that that was not notice?"

The Court: "No, it means that after the proceedings were commenced."

Mr. Parsons: "Any statement that might have been made before the proceedings were commenced was not notice?"

The Court: "I mean to say, after the proceedings in bankruptcy were commenced, and not until after they were commenced, when it reached a point that it devolved upon the creditors who were notified to file their claims, if at any time between that time and the time the discharge was handed out to her, the plaintiff had actual notice or notice and actual knowledge of these proceeding that had thus far been instituted, that would amount to notice so that he would not be entitled to recover so far as that proposition is concerned. Now, I think I have made myself as plain upon the matter as I could."

This charge manifestly was misleading. There was evidence tending to show that while the schedules were being prepared this very creditor was told that both the Knapps were going into bankruptcy. He was asked if he had any claim and he replied he had a claim against Mr. Knapp, but said nothing about Mrs. Knapp. We think that that was competent testimony as one step towards bringing notice home to this defendant in error, and, taken in connection with the investigations and circumstances that followed it, the jury may have found, under a proper charge, that defendant in error had knowledge or notice of the proceedings in bankruptcy. Indeed, we think the finding of the jury should, under a proper charge, have been that the defendant in error had such notice of the proceedings in bankruptcy as is contemplated by the bankrupt act, and that she was, in fact, discharged from that indebtedness by that proceeding.

We find no other error in this record.

The question of payment, the question of estoppel were properly disposed of by the court and jury in the court below.

For the error in the charge of the court as misleading, and because the verdict of the jury was not sustained by sufficient evidence, this judgment is reversed and the cause remanded.

*R. M. Smith* and *N. D. Tibbals,* for plaintiff in error.

*C. F. Grant* and *Parsons & Burch,* for defendant in error.